UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LEIF HINTERBERGER, | ) | |
| 49-50 LLC, | ) | |
| CARREAU DESIGN CORPORATION, | ) | |
| 49TH STREET SHOPS LLC, | ) | |
| UPTOWN RETAIL LLC, | ) | No. 1:16-cv-01341-SEB-MJD |
| UPTOWN BUSINESS CENTER LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF INDIANAPOLIS, | ) | |
| CHARLES CAGANN, | ) | |
| MANSUR REAL ESTATE SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON PENDING MOTIONS**

Pending before the Court are two motions concerning the scheduled deposition of Nonparty Reginald T. Walton, an individual incarcerated at Federal Correctional Institution Terre Haute. On July 21, 2017, Plaintiffs filed *Plaintiffs' Motion for Leave and to Compel the Deposition of Reggie Walton* ("Motion for Leave"). [Dkt. 89.] On August 2, 2017, Mr. Walton, by counsel Assistant Federal Defender Michael J. Donahoe, filed a *Verified Motion to Quash Deposition Notice* ("Motion to Quash"). [Dkt. 92.] For the following reasons, the Court **GRANTS** Plaintiffs' Motion for Leave [Dkt. 89] and **DENIES** Mr. Walton's Motion to Quash [Dkt. 92].

Plaintiffs' Motion for Leave explains that Mr. Walton played a critical role in the facts underlying their claims, thus making his deposition proper under the Federal Rules of Civil Procedure. Mr. Walton explains in his Motion to Quash that he intends to exercise his rights under the Fifth Amendment in response to any questions he is asked if ordered to sit for his

1

deposition. Mr. Walton argues that the deposition would be "an exercise in futility," and that the Court should quash the deposition to "save the inconvenience and expense." [Dkt. 92 at 1-2.] Defendant City of Indianapolis, the only active Defendant at this time [*see* Dkt. 78 (notice of bankruptcy reopening by Defendant Cagann); Dkt. 46 (Clerk's Entry of Default against Defendant Mansur Real Estate)], confirmed at the status conference held August 1, 2017, that it takes no position on the pending motions and does not intend to respond thereto.

Federal Rule of Civil Procedure 30(a)(2)(B) require a party to obtain leave of court to depose an incarcerated person. The court "must grant leave" to the extent the request for the deposition comports with the limits on discovery set out in Rule 26(b). Fed. R. Civ. P. 30(a)(2). Thus, unless the deposition request is irrelevant, disproportionate to the needs of the case, or otherwise inappropriate, the party is entitled to take the requested deposition. *See, e.g.*, *id.* 26(b)-(c)(1).

These principles are not altered by Mr. Walton's status as an incarcerated individual. Any individual may invoke their Fifth Amendment privilege against self-incrimination during a deposition. *Pillsbury Co. v. Conboy*, 459 U.S. 248 (1983). In a criminal proceeding, the Fifth Amendment precludes a factfinder from drawing a negative inference from assertion of the privilege. *Griffin v. California*, 380 U.S. 609 (1965). In a civil proceeding, by contrast, "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify . . . ." *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). Likewise, "an adverse inference may be drawn against a witness who pleads the Fifth Amendment even if that witness is not a party." *Daniels v. Pipefitters' Ass'n Local Union No. 597*, 983 F.3d 800, 802 (7th Cir. 1993). Whether evidence of a witness's refusal to testify at a deposition may be presented to the jury is a matter left to the sound discretion of the trial judge, *see, e.g.*, *id.*; Fed. R. Evid. 403;

*Harris v. City of Chicago*, 266 F.3d 750 (7th Cir. 2001), but deponents are frequently made to sit for depositions at which they decline to answer questions based upon their Fifth Amendment privilege, *cf., e.g.*, *Harris*, 266 F.3d 750; *Kontos v. Kontos*, 968 F. Supp. 400, 406 (S.D. Ind. 1997); *In re Tableware Antitrust Litig.*, No. C-94-3514 VRW, 2007 WL 781960, at *4-5 (N.D. Cal. Mar. 13, 2007).

It follows from the foregoing that Mr. Walton must sit for his August 14, 2017, deposition. As Rule 30(a)(2) provides, the Court "must" grant leave for Plaintiffs to depose an incarcerated person as long as the deposition falls within the scope of discovery, which Plaintiffs' request plainly does. And, given the fact that a witness's invocation of their Fifth Amendment rights during a deposition may be admissible at trial, Mr. Walton's concern of burden without benefit is, at best, speculative and, at worst, misplaced—especially since the brunt of the burden of taking Mr. Walton's deposition falls upon the parties, none of which oppose Plaintiffs' Motion for Leave.

Therefore, the Court **GRANTS** Plaintiffs' Motion for Leave [Dkt 89] and **DENIES** Mr. Walton's Motion to Quash [Dkt. 92]. The Court **ORDERS** Mr. Walton to appear for his scheduled deposition on August 14, 2017. This Order carries with it the force of law, and the failure to appear for the deposition as ordered "may be treated as contempt of court," with any imposed monetary sanctions charged to the deponent's inmate trust account. Fed. R. Civ. P. 37(b)(1). However, **nothing herein impacts or limits Mr. Walton's right to invoke his Fifth Amendment privilege** during his deposition. Mr. Walton likewise may have his counsel present to defend his deposition.

SO ORDERED.

Dated: 3 AUG 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

3

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.


And via U.S. Mail to:

Michael J. Donahoe
Indiana Federal Community Defenders, Inc.
111 Monument Circle, Ste. 3200
Indianapolis, IN 46204