# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| LEIF HINTERBERGER, 49-50, LLC, | ) | |
| CARREAU DESIGN CORPORATION, | ) | |
| 49TH STREET SHOPS LLC, | ) | |
| UPTOWN RETAIL LLC, and | ) | |
| UPTOWN BUSINESS CENTER, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 16-CV-1341 SEB-MJD |
| v. | ) | |
| | ) | |
| CITY OF INDIANAPOLIS, CHARLES | ) | |
| CAGANN, AND MANSUR REAL | ) | |
| ESTATE SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## DECLARATION OF MICHAEL RACHLIS

Michael Rachlis, under oath, declares as follows:

1.      My name is Michael Rachlis.  I am the lead attorney representing the plaintiffs in this matter.  I submit this declaration in reference to the Court's order of March 30, 2019.

2.      I have been practicing for almost 29 years.  My practice has involved complex commercial litigation matters in state and federal courts around the Country. After leaving Jones Day Reavis & Pogue, I worked with a boutique Chicago law firm (ultimately known as Hedlund Hanley & John) and then when it broke up, founded a firm with colleagues of that firm now known as Rachlis Duff Peel & Kaplan, LLC, where I have been for almost 19 years.  During those 29 years of practice, I have not been

sanctioned under Federal Rule 11, nor to my knowledge was the Hedlund firm or my current firm.

3.      In regard to the involvement of others in my firm on the pleading which led to the Court's order to show cause, those individuals include my partner Kevin Duff and our associate Nicole Mirjanich.  I made tremendous efforts to work through a significant amount of information, including through the mobilization of a team of professionals to attempt to organize and document the response in an effort to comply with all applicable legal and ethical rules.   Mr. Duff and Ms. Mirjanich did assist me in regards to the pleading, as well as working with our legal assistants who were providing additional support for the brief but undertook tasks at my direction. The three legal assistants were asked to further help in tracking down exhibits and citations from depositions to help ensure that all items were properly documented.  I also worked with Mary Jane Lapointe and Daniel Kent on the summary judgment brief, and communicated with them on local rules and practices in regards to the submission.   I was ultimately responsible for the tasks performed and how information provided was to be utilized in the brief, and signed the brief that was submitted.

4.      At no time have I taken action before this Court (or any Court) that was for any improper purpose, interposed in bad faith without regard to applicable rues or intended to impose an undue burden on the court.  This statement is true in regard to the brief that was filed in opposition to the City's summary judgment motion.

5.      To the contrary, given the nature of the dispute and claims, and in recognition of the City's 37-page motion and memorandum, I devoted significant

resources, and asked others to do so at my instruction and supervision to prepare the opposition.   I devoted significant time and that of my firm for the goal and purpose of submitting an opposition that documented accurately, fairly and completely the record in opposition to summary judgment.  We worked extremely hard in the effort to respond to the brief of the City, a circumstance not made any easier by the fact that the City had not provided information on a variety of issues and defenses, and had admitted to having information regarding Mr. Hinterberger that was lost.  To address the motion for summary judgment, my firm expended well over five hundred hours to research and review the record to address the issues raised by the City between the time of the filing by the City and the ultimate submission of the opposition.   As part of this effort, we worked closely with our clients to confirm the facts and circumstances which were set forth in the opposition.  All of my firm's time in this case, including the time preparing an opposition to the City's motion, has been uncompensated.

6.     Such effort and time were devoted to provide and communicate as best as possible the facts and the law that I believed necessary and appropriate for consideration of the motion and to ensure that a proper and complete record was made and presented.  I sought to ensure that the opposition brief and record complied with all applicable rules.  In that regard, I studied the rules for summary judgment submissions, including the local rules, and communicated with others in my firm and local counsel to confirm my understanding relative to issues regarding the submission.

7.     Sometimes knowing the facts behind a legal dispute can prevent a lawyer from recognizing the Court has only the record before it. Nonetheless the Court's opinion is highly concerning to me.  It is a response to a legal filing that I have never experienced.  I unequivocally apologize for the circumstances that led the Court to that conclusion.

Further declarant sayeth not.


 /s/ Michael Rachlis