UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LEIF HINTERBERGER, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-01341-SEB-MJD |
| | ) | |
| CITY OF INDIANAPOLIS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MANSUR REAL ESTATE SERVICES, INC.**

Currently before the Court is Plaintiffs' Motion for Default Judgment, filed pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, requesting an award of damages and attorneys' fees based on the Entry of Default entered on September 13, 2016 (Dkt. 46) against Defendant Mansur Real Estate Service, Inc. ("Mansur"). The amounts requested include a "specific damage award" of "at least $7,867,699," which, if doubled under the Indiana Trade Secrets Act, would be $15,735,398.00, or, in the alternative, Plaintiffs seek up to $23,603,097.00 in compensatory damages (representing losses of $7,867,699.00 multiplied by three projects). An award of post judgment interest of 8% is also sought. Plaintiffs seek an award of attorney's fees of "at least $28,746.59."

This lawsuit grew out of a failed real estate development which, according to the allegations in the complaint, primarily faulted actions taken by the City of Indianapolis. The role of Defendant Mansur was, at least compared to the claims against the City,

1

minor at best. In our Summary Judgment Order, which was entered on March 30, 2019 (Dkt 165) and resolved all of Plaintiffs' claims in the City's favor, we summarized Plaintiffs' claims against Mansur as follows:

> Plambeck [Director of the Indianapolis Department of Metropolitan Development] recommended that [Plaintiff] Hinterberger work with Cagann, a partner with Mansur Real Estate Services ("Mansur"), who was familiar with development projects that entailed a public financing component. In 2000, the City's Metropolitan Development Commission had contracted with Mansur to oversee another development project in Indianapolis, which was substantially completed by 2004. This was the only contract Mansur ever entered into with the City.
>
> In late 2005, Hinterberger sought out Cagann to ask whether Mansur was interested in partnering with him on The Uptown. At Hinterberger's request, Cagann signed a nondisclosure agreement on behalf of Mansur ("the NDA"). The City was not a signatory to that agreement. The parties to the NDA were only Mansur and one of Hinterberger's companies.
>
> At some point in 2005, Hinterberger began sharing economic modeling information with Cagann and Plambeck related to the 49th Street and College Avenue corridor. By 2007, he had completed his economic modeling, acquired the other half-block of real estate at 49th and College (four additional lots, now nine in total), and rezoned the land to build an expanded project. But by 2008, the real estate market was in serious decline and nearly every developer was feeling those negative effects.
>
> By July 2010, Hinterberger was experiencing financial difficulty. He had defaulted on loans and lenders were looking to short-sell his properties.

Dkt. 165 at 3.

The Complaint contained the following claims, again, as summarized in our summary judgment order: "Count I, a Section 1983 '*Monell* claim'; Count II, state-law promissory estoppel; Count III, state-law equitable estoppel (Count III has been withdrawn. Dkt. 131, at 8 n.1); Count IV, a Section 1983 Equal Protection Clause claim; Count V, a Section 1983 substantive due process claim; Count VI, a Section 1983 procedural due process claim; Count VII, state-law breach of contract; Count VIII, state-law misappropriation of trade secrets; and Count IX, state-law unjust enrichment." Dkt. 165 at 4.

Only three of these claims reference Mansur: Count VII (breach of nondisclosure agreement), Count VIII (trade secret violations), and Count IX (unjust enrichment). However, only in Count VII are there specific factual allegations detailing Mansur's wrongful actions in gaining access to Plaintiff's confidential information based on false promises and representations and then disclosing that information. In the remaining counts, liability is asserted simply against "all defendants." We dismissed Count IX in our summary judgment order as preempted by the UTSA in Count VIII.[1]

It is difficult to imagine any theory of liability against Mansur, given its secondary role in Plaintiff's overall theory of liability, that would subject it to the multiple millions of dollars of damages which Plaintiffs seek to have the Court award in the Default

---

[1] The unjust enrichment claim is preempted by the IUTSA. IND. CODE § 24-2-3-1(c) (preemption provision); *Tecnomatic, S.P.A. v. Remy, Inc.*, 954 F. Supp. 2d 860, 868–69 (S.D. Ind. 2013) (Barker, J.) (unjust enrichment claim preempted by IUTSA); *HDNet LLC v. N. Am. Boxing Council*, 972 N.E.2d 920, 924–25 (Ind. Ct. App. 2012) ("all free-standing alternative causes of action for theft or misuse of confidential, proprietary, or otherwise secret information" preempted).

Judgment. Plaintiffs' damages assessment appears grossly excessive. Similarly, the amount of attorney's fees generated in litigating the claims as to Mansur alone appears to be excessive. The affidavits submitted by Plaintiffs purporting to substantiate these amounts have not taken into account the lesser nature and extent of Mansur's allegedly wrongful conduct vis-à-vis the City, for example, who successfully avoided liability on all of Plaintiffs' claims by virtue of the summary judgment order. This request, we fear, may represent Plaintiffs' last-ditch effort to secure a recovery, even if it is only on paper, in order to mitigate their losses by taking advantage of the sole remaining defendant in the case.

We cannot simply adopt a plaintiff's word as to damages when they are not liquidated, or otherwise easily ascertainable, even in the context of a default judgment, especially if the amount appears in light of the litigation to be unreasonable or excessive. The court is obligated to conduct an inquiry in order to determine the amount of damages with reasonable certainty. "A judgment by default may not be entered without a hearing on damages unless … the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983). "[W]hen a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)).

Thus, a hearing is required here and will be scheduled to allow Plaintiffs to substantiate their claim for damages and attorneys' fees as to Mansur's liability only. We have no information as to whether Mansur still exists as a business entity or whether it is judgment proof or if there is another reason to explain its default in this case. We leave those matters to Plaintiffs to ascertain as best they can. If Plaintiffs do not wish to pursue this matter further at a hearing, they should notify the court's courtroom deputy clerk accordingly to avoid the necessity of scheduling a time.

IT IS SO ORDERED.

Dated: 9/30/2019

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kevin B. Duff
RACHLIS DUFF ADLER PEEL & KAPLAN, LLC
kduff@rdaplaw.net

Daniel LaPointe Kent
LAPOINTE LAW FIRM P.C.
dkent@lapointelawfirm.com

James A. Knauer
KROGER GARDIS & REGAS, LLP
jak@kgrlaw.com

Mary Jane Lapointe
LAPOINTE LAW FIRM PC
maryj@lapointelawfirm.com

Nicole Mirjanich
RACHLIS DUFFADLER PEEL & KAPLAN, LLC
nm@rdaplaw.net

Christopher H. Park
BINGHAM GREENEBAUM DOLL LLP (Indianapolis)
cpark@bgdlegal.com

Drew G A Peel
RACHLIS DUFF ADLER PEEL & KAPLAN LLC
dpeel@rdaplaw.net

Michael Rachlis
RACHLIS DUFF ADLER PEEL & KAPLAN LLC
mrachlis@rdaplaw.net

Adam Scott Willfond
OFFICE OF CORPORATION COUNSEL
adam.willfond@indy.gov