UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEIF HINTERBERGER, <br> 49-50 LLC, <br> CARREAU DESIGN CORPORATION, <br> 49TH STREET SHOPS LLC, <br> UPTOWN RETAIL LLC, <br> UPTOWN BUSINESS CENTER LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF INDIANAPOLIS, <br> CHARLES CAGANN, <br> MANSUR REAL ESTATE SERVICES CLERKS <br> ENTRY OF DEFAULT ENTERED ON <br> 9/13/2016, <br><br> Defendants. <br><br> REGINALD WALTON TERMINATED <br> 9/18/2017, <br><br> Miscellaneous. | No. 1:16-cv-01341-SEB-MJD |

**ORDER ON DEFENDANT'S BILL OF COSTS**

Plaintiffs initiated this lawsuit on May 31, 2016, suing various Defendants, among them the City of Indianapolis (the "City"), under 42 U.S.C. § 1983 and state law for alleged harms arising from Plaintiffs' failed real-estate development bid. On March 30, 2019, we granted the City's Motion for Partial Summary Judgment, resolving all claims against it. This ruling was affirmed, with costs, by the Seventh Circuit. Now before the Court is the City's Bill of Costs. For the reasons stated herein, we **grant** the City's Bill of Costs and **overrule** Plaintiffs' objections.

1

## Background

Plaintiffs are Leif Hinterberger, an Indianapolis real estate developer, and his companies, whom we refer to collectively as "Hinterberger" unless context requires otherwise. Hinterberger's complaint charged the City, Mansur Real Estate Services ("Mansur"), and Reginald Walton with nine causes of action, including: a Section 1983 equal protection claim; promissory estoppel; equitable estoppel; a Section 1983 substantive due process claim; and the misappropriation of trade secrets, among others. Following the Clerk's Entry of Default against Defendant Mansur and the Stipulated Dismissal of Defendant Walton, the City moved for summary judgment on all claims against it.

On March 30, 2019, we granted the City's Motion for Partial Summary Judgment, rejecting Hinterberger's attempts to "convert a businessman's poor business decisions into a campaign of constitutional and state-law torts." [Dkt. 165, at 12]. The City filed its Bill of Costs on October 7, 2019, seeking reimbursement of its costs incurred in defending against this lawsuit. However, prior to ruling on the requests for costs, we entered partial final judgment in favor of the City and against Hinterberger, pursuant to Federal Rule of Civil Procedure 54(b). Hinterberger filed his notice of appeal of our judgment on November 27, 2019, and, on December 6, 2019, upon joint motion of the parties, we stayed the proceedings pending resolution of the appeal.

On August 6, 2020, the Seventh Circuit issued its mandate affirming our entry of partial final judgment, including costs, in favor of the City and against Hinterberger. Our Scheduling Order, dated October 30, 2020, referenced two unresolved matters requiring

our determination: the City's Bill of Costs and Plaintiffs' default judgment against Mansur (which we have addressed in a separate order). Hinterberger filed its response to the City's Bill of Costs on November 27, 2020, and the City filed its Reply on December 7, 2020. Accordingly, these issues are now ripe for our review.

## Analysis

### I.   Standard of Review

Federal Rule of Civil Procedure 54(b) "provides a presumption that costs are awarded to the prevailing party and the burden is on the non-prevailing party to overcome this presumption." *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006). "Under Rule 54(b), district courts enjoy wide discretion in determining and awarding reasonable costs." *Northbrook Excess and Surplus Insurance Co., v. Proctor & Gamble Co.*, 924 F.2d 633, 642 (7th Cir.1991). As long as statutory authority exists for a particular item to be taxed as a cost, the decision of a district court to tax such cost will not be reversed on appeal, absent "a clear abuse of discretion." *Id.*

### II.   Discussion

The City seeks payment of $14,941.77 to reimburse its costs of obtaining fifteen deposition transcripts of eighteen witnesses.[1] Hinterberger objects to the Bill of Costs on the grounds that he is indigent. If the Court overrules his indigency objection, Hinterberger argues that the City's request should nonetheless be reduced to $2082.52 on

---

[1] The City initially sought $24,510.25, comprised of the costs incurred in obtaining the deposition transcripts as well as $9568.48 in "other costs." The City now foregoes its request for these "other costs." [Dkt. 207].

3

the grounds that only one of the fifteen deposition transcripts identified in the City's Bill of Costs is appropriately taxable. We review and resolve each objection in turn below.

### A. *Whether Plaintiffs' Indigency Precludes Granting the City's Bill of Costs*

Mr. Hinterberger argues that both he and his companies are indigent and as such are unable to pay any court-imposed costs at this time or in the future. Specifically, Mr. Hinterberger asserts that he earned a mere $9000 in 2019 and $18,000 in 2020.[2] He further states that he is not currently employed as a result of the COVID-19 pandemic and has been unsuccessful in his attempts to secure unemployment benefits. The corporate plaintiffs are defunct and currently have a negative net worth of $7,133,410.

The City concedes that a losing party's inability to pay provides an exception to the general rule that a prevailing party should be awarded costs under Rule 54(d). It nonetheless argues that Hinterberger's financial situation could change at any time; though Hinterberger may be indigent today, his unemployment status could evolve "today, tomorrow or five years from now." [Dkt. 207, at 2].

We agree with this argument by the City. "Indigence does not automatically excuse the losing party from paying the prevailing party's costs." *Rivera*, 469 F.3d at 635. In considering whether to excuse a losing party from paying the prevailing party's costs, we must make a threshold finding that the losing party "is incapable of paying the court-imposed costs at this time or in the future." *Id.* The burden is on the losing party to provide the court with sufficient documentation to support such a finding. *Id.*

---

[2] This figure is as of the date that Hinterberger's response was filed, that is, November 27, 2020.

Even if we were to accept Hinterberger's contention that he and his companies have no means at present to pay court-imposed costs, he has not established that they are incapable of paying court-imposed costs *in the future.* Hinterberger's current unemployment status is attributable to the COVID-19 pandemic. Though we have no doubt that the COVID-19 pandemic has caused significant financial distress for many individuals and businesses, Hinterberger has not presented any facts that he will never be able to secure employment in the future. We deduce from the facts of this case that Hinterberger was previously able-bodied and well-educated, having earned both undergraduate and master's degrees as well as a Ph.D. Indeed, Mr. Hinterberger has described himself as a "successful and respected real estate developer with more than 20 years in local construction and development." [Dkt. 142, at 10]. The fact that Mr. Hinterberger may currently lack sufficient income due to his current unemployment does not mean that he will never be employed again. *Mink v. Barth Elec. Co.*, No. 1:08–cv–561–SEB–JMS, 2010 WL 1948227, at *2 (S.D. Ind. May 13, 2010) (overruling indigency objection where losing party was a "relatively young woman who is far from retirement age, ha[d] enrolled at Ivy Tech to enhance her skills for the purpose of obtaining a better job and a better income and will be employed again at some point in the (probably near) future."). We thus **overrule** Hinterberger's indigency objection to the City's Bill of Costs.

> B. *Whether the Costs of the Fifteen Deposition Transcripts Obtained by the City are Taxable Under 28 U.S.C. § 1920(2)*

As previously stated, the City seeks $14,941.77 as costs incurred in obtaining fifteen deposition transcripts of eighteen witnesses. Pursuant to 28 U.S.C. § 1920(2), a

5

court "may tax . . . [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) ("[D]eposition costs (including transcripts) as well pretrial and trial transcript costs are authorized under § 1920(2)").

Hinterberger objects, arguing that only one of the deposition transcripts identified in the City's Bill of Costs was designated as evidence by the City in support of its summary judgment motion, which was ultimately granted in the City's favor. Thus, argues Hinterberger, only this single transcript should be deemed as necessary in this case.

The City characterizes Hinterberger's position as "rich in irony and lacking in common sense since Hinterberger noticed almost all these depositions and used them to oppose the City's summary judgment."[3] [Dkt. 207, at 5]. The City insists that it was "absolutely necessary" to obtain these transcripts in order for it to comprehend the complete scope of Hinterberger's evidence at summary judgment and to prepare for a potentially lengthy and complex trial. [*Id.* at 4]. Further, it could not have relied upon the excerpts proffered by Hinterberger at summary judgment.

Again, we agree with the City. The record reflects that Hinterberger fully abdicated his responsibility at summary judgment to provide a recitation of facts supported by specific citations to record evidence. [*See* Dkt. 165, 4-15]. As we previously observed, Hinterberger's opposition brief had "all the appearance of diligence and

---

[3] The City noticed only three (Hinterberger and his two experts) of the eighteen depositions in this case.

competence without a crumb of their substance." We further noted that "a detailed study could be made of Hinterberger's citation practices," concluding "that Hinterberger can only have operated on the assumption that no one would be checking his factual assertions against his record citations." [Dkt. 165, at 11]. The frustration by the Court resulting from Hinterberger's citations to deposition excerpts, which had either been pulled out of context or had "nothing to do with the statement [they] allegedly support[ed]" or both, was in plain view and for good reason. [*Id.*]. Because of Hinterberger's misleading factual accounts in response to the summary judgment motion,, the City had virtually no choice as to whether to obtain the entire deposition transcripts to properly contextualize the excerpts designated by Hinterberber.

Additionally, the City notes, in any event, that it would have utilized the deposition transcripts identified in its Bill of Costs to defend against Hinterberger's claims at trial, including for impeachment and cross-examination purposes, further justifying their acquisition.

For these reasons, we **overrule** Hinterberger's objection that only one deposition transcript designated as evidence by the City in its summary judgment motion is properly taxable.

## CONCLUSION

Hinterberger's objections to the City's Bill of Costs are **overruled.** The City's Bill of Costs [Dkt. 180] is **granted**, and it is awarded costs in the sum of $14,941.77.

IT IS SO ORDERED.

Date:   1/14/2021

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Anne L. Cowgur
TAFT STETTINIUS & HOLLISTER LLP
acowgur@taftlaw.com

Michael J. Donahoe
INDIANA FEDERAL COMMUNITY DEFENDERS
mike.donahoe@fd.org

Kevin B. Duff
RACHLIS DUFF ADLER PEEL & KAPLAN, LLC
kduff@rdaplaw.net

Christopher Esbrook
Esbrook Law LLC
christopher.esbrook@esbrooklaw.com

Samuel D. Hodson
TAFT STETTINIUS & HOLLISTER LLP
shodson@taftlaw.com

Daniel LaPointe Kent
LAPOINTE LAW FIRM P.C.
dkent@lapointelawfirm.com

James A. Knauer
KROGER GARDIS & REGAS, LLP
jak@kgrlaw.com

Michael Kozlowski
michael.kozlowski@esbrooklaw.com

Mary Jane Lapointe
LAPOINTE LAW FIRM PC
maryj@lapointelawfirm.com

Nicole Mirjanich
RACHLIS DUFFADLER PEEL & KAPLAN, LLC
nm@rdaplaw.net

Thomas J.O. Moore
OFFICE OF CORPORATION COUNSEL
thomas.moore@indy.gov

Christopher H. Park
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
christopher.park@dentons.com

Drew G A Peel
RACHLIS DUFF ADLER PEEL & KAPLAN LLC
dpeel@rdaplaw.net

Michael Rachlis
RACHLIS DUFF ADLER PEEL & KAPLAN LLC
mrachlis@rdaplaw.net

Pamela G. Schneeman
OFFICE OF CORPORATION COUNSEL
pamela.schneeman@indy.gov

Amanda D. Stafford
NEXTGEAR CAPITAL INC.
astafford@kgrlaw.com

Andrew J. Upchurch
OFFICE OF CORPORATION COUNSEL
andrew.upchurch@indy.gov

Nabeela Virjee
OFFICE OF CORPORATION COUNSEL
virjee.nabeela@gmail.com

Adam Scott Willfond
OFFICE OF CORPORATION COUNSEL
adam.willfond@indy.gov